# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.               **Case No. 08-CR-320**

**LISA MACK**
   **Defendant.**

## ORDER

On June 14, 2010, I sentenced defendant Lisa Mack to 180 months in prison on her guilty pleas to causing another to travel interstate to commit murder for hire, 18 U.S.C. § 1958(a), and possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). The Seventh Circuit dismissed her direct appeal as frivolous. United States v. Mack, 461 Fed. Appx. 506 (7th Cir. 2012). On August 27, 2012, defendant filed a motion for modification of her sentence pursuant to 18 U.S.C. § 3582(c)(2), which I dismissed on August 30, 2012.

Defendant has now filed a motion for downward departure based on post-sentencing rehabilitation and extraordinary family circumstances pursuant to 18 U.S.C. § 3582(a) and U.S.S.G. § 5H1.6. I lack authority to reduce her sentence on these grounds.

Section 3582 provides three main exceptions to the general rule that the court may not modify a term of imprisonment once it has been imposed: (1) on motion of the Director of the Bureau of Prisons ("BOP"), if extraordinary and compelling reasons warrant a reduction; (2) on the government's motion pursuant to Fed. R. Crim. P. 35(b), based on the defendant's provision of substantial assistance; and (3) on the motion of the defendant, the BOP, or the court, based on a retroactively applicable amendment to the sentencing guidelines that reduces

the defendant's imprisonment range. 18 U.S.C. § 3582(c). Defendant argues that her post-sentencing rehabilitation and her family circumstances are extraordinary and compelling, but I may not reduce a sentence on those grounds on a defense motion. See United States v. Clavielle, 505 Fed. Appx. 597 (7th Cir. 2013). Defendant cites Pepper v. United States, 562 U.S. 476 (2011), where the Court held that a district judge may consider the defendant's post-sentencing rehabilitation, but that case involved a remand after the defendant's sentence had been set aside on appeal, not a post-conviction motion by the defendant. Finally, U.S.S.G. § 5H1.6, which defendant cites as authority for reducing her sentence based on family circumstances, applies at the original sentencing but provides no basis for later modification.[1] See United States v. Mendoza, 2012 U.S. Dist. LEXIS 17994 (E.D. Wis. Feb. 14, 2012).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 79) is **DISMISSED.**

Dated at Milwaukee, Wisconsin this 19th day of January, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1] Defendant's materials also indicate an attempt to cooperate, but no Rule 35 motion has been filed by the government.